[No. 3397.]

CLARK v. KRAIG, administratrix.

1. GARNISHMENT—*Who May Be Garnished.* An administratrix is not liable to garnishee process until final settlement of the estate, or an order of distribution.

2. APPEALS—*Briefs.* A brief which attempts to' cite decided cases,
without giving the name of the case, or without giving the report
in which it is found is a violation of the rule.

*Appeal from Boulder District Court.* HON. HARRY
   P. GAMBLE, Judge.

Mr. J. T. ATWOOD, for appellant.

No appearance for, appellee.

*Per Curiam.*—After securing a judgment in the
district court of Boulder county against one George
T. Clark, appellant, who was the judgment creditor
of the said George T. Clark, caused garnishment
process to be served upon the appellee, who was
administratrix of the estate of Thomas Clark, de-
ceased, which said estate was in process of settle-
ment in the probate court of Boulder county. Ap-
pellee having answered that she owed the said
George T. Clark, judgment debtor, nothing, appel-
lant traversed her answer, setting up that she had
money in her possession or under her control as
administratrix, that would come into the posses-
sion of the judgment debtor, in an amount abun-
dantly sufficient to meet the judgment which appel-
lant had secured, after all debts of the estate, in-
cluding the expenses of administration, had been
paid. He further set up the fact that the garnishee
had been appointed administratrix for more than
one year, and that no further debts or claims could
be filed against the estate.

The attorney for the garnishee appeared in
court, after the filing of appellant's traverse, and
moved the court to dismiss or quash the garnishment
writ, for the reason that the same was not permis-
sible under the law. The record is very brief on

this matter, the motion to quash having been made orally. The court sustained the motion to quash the garnishment upon the theory, as announced, "that the administratrix cannot be garnished before the final settlement or some order of distribution is made." The costs were taxed to appellant.

From a judgment of this character or amount an appeal will not lie. But, we think the judgment of the trial court on the merits of the traverse was clearly right. See *Hudson v. Wilber,* 47 L. R. A. 545, and annotations to same.

Counsel for appellant cites but three cases, none of which seem to be in point.

We call attention of counsel for appellant to Rule 20 of the supreme court, which rule has been adopted by this court, with reference to the citation of authorities. Counsel has neglected in his brief to give the title of the cases he relies upon, or the state or official reports where they may be found. Both omissions are plain violations of the rule mentioned.                    *The judgment is affirmed.*

*Per Curiam.*

WALLING, Judge, not participating.